Robert Brice appeals his convictions for two counts of trafficking in cocaine and one count of trafficking in cocaine in the presence of a juvenile. On appeal, Brice asserts that the Lawrence County Court of Common Pleas erred by failing to grant his Crim.R. 29 motion for acquittal on the charge of trafficking in cocaine in the presence of a juvenile. We disagree, because the record contains sufficient evidence upon which a rational trier of fact could determine that the state proved that Brice trafficked in cocaine in the presence of a juvenile beyond a reasonable doubt. Brice also argues that the convictions on all of the charges were against the manifest weight of the evidence. We disagree, because the trial court did not lose its way or create a manifest miscarriage of justice by convicting Brice on all of the aforementioned charges. Brice also contends that the trial court erred by sentencing him to the maximum term of incarceration on each count. We disagree, because the trial court's findings were supported by substantial evidence. Therefore, we cannot clearly and convincingly find that the trial court imposed a sentence that was unsupported by the record or contrary to law. Finally, Brice argues that the trial court's sentence is contrary to law because the trial court failed to make the statutory findings necessary to impose consecutive sentences. We agree, because the trial court failed to make the findings required by R.C.2929.14(E)(4).
Accordingly, we affirm in part and reverse in part the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.
 I.
In January 1997, Detective Pendleton of the Lawrence County Sheriff's Department contacted the Ohio the Bureau of Criminal Identification ("BCI"), regarding drug activities in Lawrence County. In response, BCI initiated Operation Safe Home, in which Mike Morning, an undercover operative, lived in an Ironton federal housing complex and conducted controlled buys of drugs. Prior to a controlled buy, Morning would meet with law enforcement officials, allow them to search him, harness him with a listening device for safety, and provide him with money to purchase drugs. Immediately after purchasing the drugs, Morning would meet with law enforcement to give them the drugs and debrief them about the transaction.
As a result of these controlled buys, police arrested Brice. In March 1998, the Lawrence County Grand Jury indicted Brice on two counts of trafficking in cocaine in violation of R.C.2925.03, fifth degree felonies, one count of trafficking in cocaine in the presence of a juvenile, in violation of R.C.2925.03, a fourth degree felony.[1]
At trial, Morning testified that on July 21, 1997, after meeting with law enforcement and obtaining cash for a buy, he bought two rocks of cocaine from Brice for $200, under the pretense that Morning was reselling the cocaine. Morning testified that Brice kept the cocaine rocks in a tobacco can.
The following day, BCI Special Agent John Dozier observed Morning page Brice, then get into a car with Brice. Within a couple of minutes, Morning purchased $100 worth of cocaine and gave it to Dozier.
In October 1997, Morning met Brice, Brice's girlfriend and their child while in Brice's car and arranged another transaction. Morning went to Brice's apartment and purchased $50 of cocaine from Brice in a bedroom of the apartment. Morning noted in his report that he observed two children in the living room immediately following the transaction. At trial, Morning was certain of only one child in the living room at the time of the transaction.
At trial, Morning testified to the above events. Law enforcement officers testified that the listening device Morning wore did not provide a clear transmission of the buys, but corroborated Mornings accounts of his meetings with them immediately before and after each buy. Additionally, because of the poor quality of the tapes of the transactions, the state did not proffer them as evidence, although the tape of the October 1997 transaction produced a relatively high quality record. The state introduced Brice's confession, in which he stated that he kept cocaine for resale in a tobacco can, did not use cocaine, but smoked marijuana.
At the close of evidence, Brice moved for acquittal on the charge of trafficking in cocaine in the presence of a juvenile. The court overruled Brice's motion. The jury returned verdicts of guilty.
Prior to sentencing, the court ordered a presentence investigation. In the PSI interview, Brice denied using cocaine, but admitted that he uses marijuana and drinks beer. Brice denied exhibiting a pattern of drug and alcohol abuse related to his criminal offenses. Brice had a previous conviction in Kentucky for trafficking in cocaine for which he was sentenced to three years of incarceration and pending charges for possession of a controlled substance.
Pursuant to R.C. 2929.12(B), the court found that Brice's crime was more serious because it occurred in the presence of a juvenile. The court found no factors from which it could conclude Brice's conduct was less serious. The court found Brice likely to commit future crimes, pursuant to R.C.2929.12(D), because he had a prior criminal conviction and an alcohol abuse pattern related to the offense which Brice did not acknowledge. The court found no factors which would make Brice's recidivism less likely.
The court also found that Brice served a prior prison term for a similar offense as described under R.C. 2929.13. The court found that a prison sentence was consistent with the purposes and principles of sentencing and that Brice was not amenable to community control sanctions. The court further found that Brice committed the worst forms of the offenses and posed the greatest likelihood of committing future crimes based upon his previous convictions for similar crimes.
Based upon the aforementioned factors and findings, the court sentenced Brice to twelve months incarceration, a $2,500 fine, and three years of post-release controls for the two counts of trafficking in cocaine. For trafficking in cocaine in the presence of a minor, the court imposed eighteen months incarceration, a $5,000 fine, and three years of post-release controls. The trial court ordered that Brice serve the sentences consecutively, so as not to demean the seriousness of his offenses.
Brice appeals his conviction, asserting the following assignments of error for our review:
 I. THE COURT BELOW ERRED IN OVERRULING DEFENSE COUNSEL'S MOTION FOR A DIRECTED VERDICT (sic) ON COUNT THREE BECAUSE THE STATE'S CASE IN CHIEF WAS LEGALLY INSUFFICIENT TO SUPPORT A VERDICT OF GUILTY.
 II. APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. APPELLANT'S SENTENCE IS CONTRARY TO LAW, AS THE RECORD SUPPORTS NEITHER THE MAXIMUM NOR CONSECUTIVE MAXIMUM SENTENCES.
 II.
In his first assignment of error, Brice argues that the trial court erred by failing to grant his motion for acquittal for trafficking in cocaine in the presence of a juvenile. Brice contends that the state offered no evidence that a juvenile was in the apartment when Brice sold the cocaine to Morning.
Crim.R. 29(A) provides that the trial court may order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offenses charged. "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. When reviewing a trial court's decision on a motion for acquittal, an appellate court must construe the evidence in a light most favorable to the state. State v. Brown (1994),99 Ohio App.3d 604, 607, citing State v. Wolfe (1988), 51 Ohio App.3d 215,216. R.C. 2925.03(A)(4)(b) prohibits any person from knowingly selling or offering to sell cocaine within one hundred feet of a juvenile. See R.C. 2923.01(BB); State v.Milliner (1994), 98 Ohio App.3d 262.
Morning testified that Brice offered to sell him cocaine while they were in Brice's car with a child in the backseat. Upon returning to the apartment, Brice sold Morning cocaine in the bedroom while at least one child was in the living room. Construing the evidence in the light most favorable to the state, we find sufficient evidence from which a reasonable juror could conclude that Brice knowingly sold cocaine to Morning within one hundred feet of a juvenile. Therefore, we find that the trial court did not err in denying Brice's Crim.R. 29 motion. Accordingly, we overrule Brice's first assignment of error.
 III.
In his second assignment of error, Brice argues that his convictions on all counts were against the manifest weight of the evidence. Brice does not assert that the state did not present sufficient evidence to support his conviction. Rather, Brice asserts that we must reverse his conviction because Morning, an unreliable undercover operative, provided the only evidence of the transactions. Brice contends that the state's failure to introduce evidence obtained the tapes of the transactions leaves the state's case without the corroboration necessary to sustain a conviction.
In reviewing a judgment challenged for being against the manifest weight of the evidence, the reviewing court "will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt."State v. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus. In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted. State v. Garrow (1995),103 Ohio App.3d 368, 370-71.
Morning testified that on July 21, 1997, he purchased two rocks of cocaine for $200 which Brice took from his tobacco can. The next day, Morning purchased $100 dollars of cocaine from Brice. Finally, Morning purchased $50 in cocaine in October 1997 from Brice at his apartment after meeting Brice, his girlfriend, and their child on the street and arranging the sale.
While law enforcement did not directly observe Brice sell Morning the cocaine, the nature of the controlled buys corroborated Morning's testimony. Prior to each transaction, officers searched Morning and provided him with money to purchase the drugs. Following each transaction, Morning immediately met with officers and provided them with the purchased cocaine. The officers testified that the audio tapes from the listening device neither corroborated nor contradicted Morning's testimony; they simply were inaudible. Finally, Brice's confession corroborated that he sold cocaine which he stored in a tobacco can.
Thus, even without audio taped transmissions of the transactions, we find that the state presented substantial evidence upon which the jury could reasonably conclude beyond a reasonable doubt that Brice trafficked in cocaine on three separate occasions, once in the presence of a juvenile. Although no officers directly observed Brice sell Morning the cocaine, reasonable inferences from the nature and circumstances of the controlled buy, and Brice's confession support and corroborate Morning's testimony. Upon considering the credibility of witnesses and weighing the evidence and all reasonable inferences from the evidence, we find that the trial court did not lose its way or create a manifest miscarriage of justice by convicting Brice on the three counts of trafficking in cocaine. Accordingly, we overrule Brice's second assignment of error.
 IV.
In his third assignment of error, Brice asserts that his sentence is contrary to law and not supported by the record. Brice claims that the trial court found factors relating to the likelihood of his recidivism that were not supported by the record. Furthermore, Brice asserts that the trial court failed to make the findings necessary to impose consecutive sentences.
 A.
R.C. 2929.12 contains a portion of Ohio's recently revised felony sentencing guidelines. See Am.Sub.S.B. No. 2. With Am.Sub.S.B. No. 2, the General Assembly modified the trial court's role in sentencing decisions. "While the trial court still maintains discretion in its sentencing decisions, the new scheme significantly limits and channels that discretion through statutory guidelines taking the form of purposes, principles, factors and presumptions." State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11, unreported, citing Griffin 
Katz, Ohio Felony Sentencing Law (1998), Section 9.16.
R.C. 2953.08(A)(4) provides that a defendant who is convicted of a felony may pursue an appeal on the ground that the sentence is contrary to law. The appellate court may modify the sentence upon clearly and convincingly finding that the sentence is not supported by the record, or the sentence imposed was contrary to law. See R.C. 2953.08(G)(1)(a) and (d).
In applying this standard of review, we neither substitute our judgment for that of the trial court nor defer to the trial court's discretion to the extent we did in the past. Rather, we look to the record to determine whether the sentencing court: (1) considered the statutory factors, (2) made the required findings, (3) relied on substantial evidence in the record to support those findings, and (4) properly applied the statutory guidelines. Dunwoody, citing Griffin Katz at Section 9.16.
R.C. 2925.03(2)(a) and (b) direct the trial court when sentencing an offender convicted of trafficking in drugs to R.C. 2929.13. The statutory factors which the trial court must consider start with statutory presumptions in favor of community control sanctions for fourth and fifth degree felonies. R.C. 2929.13. When sentencing a defendant for a fourth or fifth degree felony, the trial court must start with the statutory presumptions in favor of community control sanctions. R.C. 2929.13. If the court finds that incarceration is the most appropriate way to effectuate the overriding purposes set forth in R.C. 2919.11, and if the offender previously served a prison sentence, the court may sentence the offender to a prison term. R.C. 2929.13. R.C. 2929.14(D) provides a minimum prison term of six months and a maximum of eighteen months for offenders who committed a fourth degree felony. R.C. 2929.14(A)(4). An offender convicted of a fifth degree felony may receive a prison sentence of six months to twelve months. R.C. 2929.14(A)(5). The trial court may not impose the maximum sentence unless it finds that the offender committed the worst form of the offense or poses the greatest likelihood of committing future crimes. R.C. 2929.14(C).
A party may overcome these presumptions by proving facts to support the existence of one or more of the factors enumerated in R.C. 2929.13. R.C. 2929.13(B) and (D); Griffin and Katz, Section 9.16. R.C. 2929.13(C) states:
 * * * in determining whether to impose a prison term as a sanction for a * * * felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to this division for purposes of sentencing, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.
R.C. 2929.11(A) states that a court sentencing an offender for a felony shall be guided by the purposes of protecting the public from future crime by the offender and punishing the offender. To achieve these two purposes, the sentencing court must consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense. R.C. 2929.11(A). Additionally, the sentence must be commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact on his victims. R.C. 2929.11(B).
In determining the most effective way to accomplish the purposes set forth in R.C. 2929.11, the trial court must consider the factors listed in R.C. 2929.12(B) and (C) regarding the seriousness of the offender's conduct, and those in R.C. 2929.12(D) and (E) regarding the offender's propensity for recidivism. When the harm inflicted upon the victim by the offender is exacerbated by the victim's age, the seriousness of the offense increases. R.C. 2929.12(B). The court determines the offender's likelihood of recidivism based upon the offender's criminal history, and history of drug or alcohol abuse related to the crime. R.C. 2929.12(D) and (E).
Brice contends that the trial court erred in concluding that he was most likely to commit future crimes because the trial court lacked substantial evidence from which it could conclude that he had a prior criminal conviction or an alcohol or drug pattern related to his offense which he did not acknowledge under R.C. 2929.12. Brice further contends that, since the trial court could not find that he was more likely to commit future crimes, it also could not find that Brice was most likely to commit future crimes pursuant to R.C. 2929.13.
In his presentence investigation, Brice stated that he was convicted of trafficking in cocaine and sentenced to three years incarceration. Although Brice denied that he used cocaine, he admitted using marijuana and drinking alcohol. Furthermore, the convictions which form the basis of this appeal were predicated on furthering abuse of a controlled substance. We find that these facts show that the trial court relied upon substantial evidence to find that Brice was more likely to commit future crimes because: (1) he committed a similar prior offense; and (2) he had an alcohol or drug pattern related to the offense that he did not acknowledge. Based upon this information, we find that Brice is more likely to commit future crimes under R.C. 2929.12.
We also find substantial evidence to support the trial court's factual finding that Brice posed the greatest likelihood of committing future crimes pursuant to R.C.2929.13. Brice has a history of drug-related crimes and a drug abuse problem which he refuses to acknowledge. The repetitive nature of Brice's crimes, his denial of his substance abuse problem, and his willingness to deal in cocaine in front of his own child indicate that Brice will most likely commit future crimes.
These factual findings, supported by substantial evidence in the record, demonstrate that the trial court properly considered the overriding purposes of felony sentencing: protecting the public from future crime by Brice and punishing him. The trial court followed the statutory guidelines and considered the factors outlined in R.C. 2929.11, 2929.12, 2929.13, and 2929.14. Therefore, we cannot clearly and convincingly find that the trial court imposed a sentence which was unsupported by the record or contrary to law.
 B.
Brice also challenges the trial court's imposition of consecutive sentences. Brice argues that the trial court failed to make the necessary findings to impose the sentences consecutively.
In order to impose consecutive sentences, a trial court must make certain findings and give its reasons for selecting consecutive sentences. R.C. 2929.19(B)(2)(c); State v.Holsinger (Nov. 20, 1998), Pike App. No. 97CA605, unreported, citing State v. Albert (Nov. 13, 1997), Cuyahoga App. No. 72677, unreported; State v. Stanley (Nov. 18, 1998), Meigs App. No. 97CA21, unreported. R.C. 2929.14(E)(4) provides in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was * * * under a [residential or nonresidential sanction].
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
(Emphasis added.) Holsinger, supra; Stanley, supra.
At the sentencing hearing, the trial court found that consecutive sentences are necessary to protect the public from future crime. The trial court failed to state on the record any one of the other necessary findings listed in R.C.2929.14(E)(4)(a)-(c). R.C. 2929.14(E)(4) provides that the court may impose consecutive sentences only "if the court finds" that certain circumstances exist. State v. Kase (Sept. 25, 1998), Ashtabula App. No. 97-A-0083, unreported. The trial court's findings fail to satisfy the requirements set forth in R.C. 2929.14(E)(4) and R.C. 2929.19.
Accordingly, we sustain Brice's third assignment of error. On remand, the trial court must make specific factual findings on the record with respect to R.C. 2929.14(E)(4) factors if it seeks to impose consecutive prison terms.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSEREMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART, and the cause remanded to the trial court for the trial court to enter a new sentence consistent with this opinion, and Appellant and Appellee to split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: ___________________________ Roger L. Kline Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] The Lawrence County Grand Jury also indicted Brice with one count of complicity to counterfeit a controlled substance, in violation of R.C. 2929.03, a fifth degree felony. The jury returned a verdict of not guilty on that charge.